# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH L. LONG,

        Plaintiff,

v

ROBERT L. MORTON,

        Defendant.

_____/

Docket No. 1:22-cv-613

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Joseph L. Long, by and through his attorneys, KONING & JILEK, P.C., and for his Complaint against the Defendant, states as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a Michigan third party automobile negligence claim arising out of an August 10, 2019 automobile collision.

2. This Court has subject jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. §1332 (diversity).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

4. The amount in controversy and the damages do exceed $75,000, exclusive of fees and costs.

### THE PARTIES

5. Plaintiff is a United Stated citizen and domiciled in the State of Indiana; his residence is currently located in the City of Auburn, County of DeKalb, State of Indiana.

6.      By information and belief, Defendant Robert L. Morton is a United States citizen and domiciled in the State of Michigan; by information and belief, his residence is located in the City of Saline, County of Washtenaw, State of Michigan.

## NEGLIGENCE CLAIM

7.      Plaintiff incorporates by reference and realleges each paragraph, 1 through 6, as though fully set forth herein.

8.      On or about August 10, 2019, at or about 11:53 a.m., Plaintiff was operating a motorcycle eastbound on US12 in the City of Coldwater, Branch County, Michigan.

9.      At the same time and place, Defendant was operating his vehicle westbound on US12 and was attempting to turn left into a private business drive, when he failed to yield to the oncoming motorcycle, causing the vehicle he was driving to collide with the motorcycle being operated by Plaintiff.

10.     At the same time and place, Defendant owed the Plaintiff and the public the duty to obey and drive in conformity with the duties embodied in the common law and the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Coldwater, Branch County, Michigan.

11.     Defendant did then and there display ordinary, gross, willful and wanton negligence and misconduct by failing to yield, causing the vehicle he was driving to collide with the motorcycle being operated by Plaintiff.

12.     Defendant did then and there display ordinary, gross, willful and wanton negligence and misconduct by failing to yield, causing the collision.

13. At the same time and place, Defendant was guilty of ordinary, gross, willful and wanton negligence and misconduct as follows:

  a. in failing to keep a reasonable lookout for other persons and vehicles using the highway;

  b. in failing to drive with due care and caution;

  c. in failing to take all possible precautions to avoid any collision with other motor vehicles and motorcycles;

  d. in failing to make or renew observations of the conditions of traffic;

  e. in failing to yield the right of way; and

  f. in failing to operate the vehicle safely under the conditions then and there existing.

14. Defendant was further negligent in failing to obey and drive in conformity with the common law and the Motor Vehicle Code of the State of Michigan.

15. Among those statutes Defendant violated include, but are not limited to, the following: M.C.L. §257.650 (right-of-way; turning left at intersection); M.C.L. §257.676(b) (interference with the flow of traffic); and M.C.L. §257.626b (careless or negligent operation of vehicle).

16. As a proximate cause of Defendant's negligence, Plaintiff was seriously injured as follows: traumatic injuries to left leg, requiring surgery, permanent scarring, and other injuries to other parts of his body, externally and internally, and some or all of which interfere with his enjoyment of life and caused Plaintiff great pain and suffering and, if necessary, constitute serious impairments of body function and/or permanent serious disfigurement.

17. As a proximate result of his injuries, Plaintiff suffered economic and noneconomic damage; the economic damage includes medical bills, lost wages, and out-of-pocket expenses, among other things; the noneconomic damage includes traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, and pain and suffering all of which interfere with his enjoyment of life, and more generally has caused and continues to detrimentally impact his life, and some or all of his injuries may be permanent in nature.

18. Should it be determined at the time of trial that Plaintiff was suffering from any pre-existing conditions at the time of the crash, the negligence of Defendant precipitated, exacerbated, and aggravated any such pre-existing conditions.

19. Plaintiff claims all economic and non-economic damages arising out of the collision caused by Defendant.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant in an amount in excess of $75,000, plus costs, interest, and attorney fees.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: July 6, 2022

/s/ Jonathan N. Jilek
Jonathan N. Jilek (P65299)
Attorney for Plaintiff
Koning & Jilek, P.C.
8080 Moorsbridge Road, Suite 103
Portage, MI 49024
(269) 343-1500
jjilek@koningjilek.com

**JURY DEMAND**

Plaintiff, Joseph L. Long, through his counsel, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: July 6, 2022

/s/ Jonathan N. Jilek
Jonathan N. Jilek (P65299)
Attorney for Plaintiff
Koning & Jilek, P.C.
8080 Moorsbridge Road, Suite 103
Portage, MI 49024
(269) 343-1500
jjilek@koningjilek.com